**INTERNATIONAL PHILANTHROPIC HOSPITAL FOUNDATION, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, Defendant.**

**No. CV 81–115 MRP.**

United States District Court, C.D. California.

May 10, 1984.

Carolyn M. Reynolds, Asst. U.S. Atty., and Deborah M. Chaskes, Atty., Health Care Financing Admin., Washington, D.C., Robert C. Bonner, U.S. Atty. by Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

Patric Hooper, Weissburg & Aronson, Inc., Los Angeles, Cal., for plaintiff.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

PFAELZER, District Judge.

The Court, having considered the written and oral arguments of counsel and the decision of the Court of Appeals in the within case and in *Saint Mary of Nazareth Hosp. Center v. Schweiker*, 718 F.2d 459

(D.C.Cir.1983), now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On January 31, 1984, the Court of Appeals for the Ninth Circuit, 724 F.2d 1368, following the lead of the Court of Appeals for the District of Columbia Circuit in *Saint Mary of Nazareth Hosp. Center v. Schweiker, supra*, held that labor and delivery room patients should not be counted among the routine inpatient population of a hospital at the midnight census. However, this Court, like the Court of Appeals in *Saint Mary*, made its holding subject on remand to a finding (unless the Secretary chooses not to contest the issue) that the number of Medicare patients found nationally in other ancillary areas at the census hour is not sufficient to offset the dilution of Medicare reimbursement created by the inclusion of the excluded patients. 724 F.2d at 1369.

2. The Secretary has no evidence that the number of Medicare patients found nationally in other ancillary areas at the census hour is sufficient to offset the dilution of Medicare reimbursement created by the inclusion of the excluded labor and delivery room patients. Rather, the Secretary asserts only that labor and delivery room patients may purportedly receive more than the average amount of general routine services once they are admitted to the general routine area of a hospital.

3. The assertion of the Secretary regarding the general routine services which labor and delivery room patients purportedly receive is beyond the scope of the remand in this case and in *Saint Mary of Nazareth Hosp. Center v. Schweiker, supra*. Had the Court of Appeals intended a broader remand, they could easily have so provided. *Cf. Baylor University Medical Center v. Heckler*, 730 F.2d 391 (5th Cir. 1984) ("the Secretary is free to produce evidence showing that the artificially low reimbursement alleged to result from including labor and delivery room patients in the census is offset by other accounting factors, *including* those recognized in *St.*

*Mary of Nazareth Hospital Center* and *International Philanthropic Hospital Foundation.*") (Emphasis added.)

4. Any Conclusion of Law deemed to be a Finding of Fact is hereby incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

1. Both the Court of Appeals in the within case and the Court of Appeals in *Saint Mary of Nazareth Hosp. Center v. Schweiker, supra*, conditioned their invalidation of the labor/delivery room policy on the assumption that the use of other ancillary services by Medicare beneficiaries at the census-taking hour did not suffice to compensate for the dilution of the Medicare reimbursement caused by including labor and delivery room patients in the calculation of the average cost per diem for general routine services. Because the Secretary has conceded that no evidence presently exists to support a contention that there is offsetting dilution in other ancillary areas, the Court of Appeal's decision invalidating the policy must be final.

2. The Secretary's evidence purporting to show that labor and delivery room patients receive more general routine services than other inpatients once they become general routine patients, thus purportedly offsetting any dilution caused by the Secretary's labor/delivery room policy, is irrelevant to the Court of Appeal's remand because it exceeds the limited scope of such remand.

3. Based on the foregoing, the Court finds and concludes that labor and delivery room patients may not be counted among the routine inpatient population at the midnight census for purposes of calculating the average cost per diem for general routine services under the Medicare statute and regulations. The Court further finds and concludes that the Secretary's motion to remand for calculation purposes must be denied. Finally, the Court finds and concludes that judgment must be entered for plaintiff International Philanthropic Hospital Foundation requiring that the hospital's Medicare reimbursement be recalculated

for the fiscal years in question on the basis that labor and delivery room patients must be excluded from the calculation of average cost per diem for routine services.

4. Any Finding of Fact deemed to be a Conclusion of Law is hereby incorporated into these Conclusions of Law.