758 F.2d 1346
 9 Soc.Sec.Rep.Ser. 204, Medicare&Medicaid Gu 34,590
MOUNT ZION HOSPITAL AND MEDICAL CENTER, a corporation,
Plaintiff/Appellee,
v.
Margaret HECKLER, Secretary of Health and Human Services,
Defendant/Appellant.
INTERNATIONAL PHILANTHROPIC HOSPITAL FOUNDATION, Plaintiff/Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant/Appellant.
MT. DIABLO HOSPITAL DISTRICT, d/b/a Mt. Diablo Hospital and
Medical Center, Plaintiff/Appellee,
v.
Carolyne K. DAVIS, PhD., Administrator of the Health Care
Financing Administration, Defendant/Appellant.
 Nos. 84-2294, 84-6125 and 84-2460.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 11, 1985.
April 26, 1985.
 
 Patric Hooper, Weissburg & Aronson, Los Angeles, Cal., for plaintiff/appellee.
 Henry R. Goldberg, Health & Human Services, Baltimore, Md., for defendant/appellant.
 Consolidated Appeal from the United States District Courts for the Northern and Central Districts of California.
 Before GOODWIN, TANG and FLETCHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This consolidated appeal by the Secretary challenges the judgments of three district courts, 592 F.Supp. 12, entered following our remand in International Philanthropic Hospital Foundation v. Heckler, 724 F.2d 1368 (9th Cir.1984) affirming in part and reversing in part 568 F.Supp. 781. We affirm.
 
 
 2
 The relevant issue before us in International Philanthropic was whether the hospital could exclude "labor and delivery room patients from the inpatient routine population for purposes of calculating the average per diem cost of general inpatient care...." International Philanthropic, 724 F.2d at 1369. Labor and delivery room care is generally considered nonroutine, or ancillary, care. Because the total number of patient days (daily patient census multiplied by days in year) is divided into the total annual costs of routine patient care to determine the per diem average cost, the effect of excluding labor and delivery room patients from the general inpatient population is to raise the figure upon which Medicare reimbursement to the hospital is based. We adopted the holding of the Court of Appeals for the District of Columbia Circuit in Saint Mary of Nazareth Hospital Center, et al. v. Schweiker, 718 F.2d 459 (D.C.Cir.1983), that labor and delivery room patients should be excluded unless the Secretary could show that "the number of Medicare patients found nationally in other ancillary areas at the census hour [was] sufficient to offset the dilution of Medicare reimbursement created by counting labor/maternity patients in the routine patient count." Saint Mary, 718 F.2d at 474. See International Philanthropic, 724 F.2d at 1369.
 
 
 3
 Our remand order in International Philanthropic was specific. We remanded to the district court for recalculation of Medicare reimbursement payments, if necessary, in light of Saint Mary. International Philanthropic, 724 F.2d at 1371. In accordance with this mandate, the district courts inquired whether the Secretary had evidence to support her practice of including labor and delivery room patients in her calculation of per diem costs.
 
 
 4
 In none of the three district court proceedings did the Secretary offer evidence within the narrow scope of the remand. Rather, she sought to recalculate the cost of providing services to maternity patients who leave the labor and delivery rooms and receive routine care. The district courts ruled that they were bound by our mandate and by the established law of the case. This was the correct conclusion. See Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1337 (9th Cir.1984). Additionally, the Secretary has not shown "good cause" or any other colorable basis for this court to recall, revise or claify its mandate. See Aerojet-General Corp. v. American Arbitration Association, 478 F.2d 248, 254 (9th Cir.1973).
 
 
 5
 The district courts properly directed the Secretary to exclude from the inpatient count used to derive the average cost per diem for general routine services, those labor/delivery room patients who had not that day received routine services. The judgments entered are affirmed. We do not, however, find that sanctions against the Secretary under F.R.A.P. 38 are warranted in this case.
 
 
 6
 AFFIRMED.