**TUCSON MEDICAL CENTER, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Defendant.**

**No. CIV 84–0898 TUC ACM.**

United States District Court, D. Arizona, Tucson Division.

Sept. 5, 1985.

Tracy P. Nuckolls, Jones, Dickerman, Nuckolls, Edwards & Smith, Tucson, Ariz., Patric Hooper, John R. Hellow, Weissburg & Aronson, Los Angeles, Cal., for plaintiffs.

Don B. Overall, Asst. U.S. Atty., Tucson, Ariz., and Deborah M. Chaskes, Office of General Counsel, Dept. of Health and Human Services, Washington, D.C., for defendant.

## ORDER

MARQUEZ, District Judge.

This is a suit by eleven Arizona hospitals against the Secretary of Health and Human Services. The case is before the court on the defendant's motion to dismiss.

Plaintiffs submitted claims for reimbursement under the Social Security Act, 42 U.S.C. § 1395 *et seq.* for services provided to elderly and disabled patients. The Intermediary calculated the reimbursement under the Provider Reimbursement Manual, Health Insurance Manual 15, Section 2345. That provision requires patients in the labor and delivery rooms at the census hour to be included in the total number of patients receiving general hospital benefits. The added costs of the labor and delivery rooms are not included in the figure of total patient services. It is the ratio of these figures that determines the amount of the reimbursement. Plaintiffs contend that the inclusion of these patients results in an inflated patient total and reduces the

reimbursement contrary to the intent of Congress and the statute.

The hospitals appealed the decision to the Provider Reimbursement Review Board. That Board rejected the Intermediary's determination and re-calculated the benefits. The Board also rejected affidavits submitted by the administration. Those affidavits tried to show that the inflated patient total would be offset by the later increase in costs incurred by post-delivery patients. The agency and Intermediary appealed the Board's decision to the Administrator.

The administrator determined that the Board should have given more weight to the affidavits submitted by the agency and remanded the case to the Board for further development of this evidence. The hospitals then requested the Board to determine whether or not it had the authority to review the propriety of the remand order. The Board decided that it lacked the authority and granted the right for expedited review to the courts. This suit was then filed.

The defendant contends that this court lacks jurisdiction to decide this case because the remand order vacated any agency decision. Since no decision exists, the Secretary contends, this court has nothing to review.

Under 42 U.S.C. § 1395oo (f)(1), the Board can grant authority to file suit to expedite review of matters that are questions of law. The propriety of the remand order is a question of law and the Board determined its lack of authority in accordance with the statute. Accordingly, this court has jurisdiction to determine the issue of the propriety of the remand. The motion to dismiss is therefore denied.

The authority to remand is not found in the statutes. *See,* 42 U.S.C. § 1395oo (f)(1). Rather, the authority is found in the regulations, 42 C.F.R. § 405.1875. This is designed to allow the Secretary or as in this case, her designated administrator, the opportunity to reach a decision based on a full record. The regulations themselves

detail the procedures for remand, the effect of a remand order and place limitations on the ability of the Secretary to issue a remand decision. A remand is not proper for the "Presentation of evidence existing at the time of the Board hearing that was known or reasonably could have been known." 42 C.F.R. § 405.1875(h)(2)(i) (1984).

The remand order has been attached to the complaint. Although the order is framed so as to direct the "further development" of the evidence, an examination of the order indicates to this court that the order is more in the nature of a reversal. Both the District of Columbia Circuit and the Ninth Circuit Courts of Appeal have rejected, as not relevant, the evidence that the administration asserts in this case through the affidavits. *See, Mt. Zion Hospital and Medical Center v. Heckler*, 758 F.2d 1346 (9th Cir.1985) and *St. Mary of Nazareth Hospital Center v. Heckler*, 760 F.2d 1311 (D.C.Cir.1985). The Board chose to follow these cases while the Administrator chose to follow decisions by other Circuits. The defendant indicated at oral argument of this motion that the Secretary was not bound by either the Ninth Circuit or D.C. Circuit opinion. This court will not determine at this time whether the Agency's "non-acquiescence" in these cases is appropriate or not.

■ It is apparent that the remand was improper. It requires the Board to reconsider evidence that it has already considered and rejected. There can be no dispute that the evidence existed at the time of the Board hearing and that the evidence was known to everyone at that time. The remand is therefore beyond the scope of authority granted the Administrator through the agency's own regulations.

■ This court will not engage in a "ping-pong" match with the Administrator as the plaintiffs have suggested will happen if a remand occurs here. From the record, it appears that this action has been stalled at the administrative level for several years and has gone back and forth between the Administrator and the Board at

least one time before this instance. Under the law, however, the Administrator should be given the opportunity to review the propriety of the Boards decision on the merits before judicial intervention. Remand of this case is therefore appropriate for the limited purpose of allowing the Administrator to determine the merits and either affirm, reverse or modify the decision of the Board.

IT IS ORDERED that the defendant's motion to dismiss is denied.

IT IS FURTHER ORDERED that the order of the Administrator remanding this case to the Provider Reimbursement Review Board dated September 18, 1984 is vacated.

IT IS FURTHER ORDERED that this action is remanded to the Administrator with instructions to reverse, affirm or modify the decision of the Provider Reimbursement Review Board of August 1, 1984 within 60 days from the date this order is filed or the decision of the Board will become final.