**KOOTENAI HOSPITAL DISTRICT, et al., Plaintiffs,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

No. C 85–8790 SC.

United States District Court, N.D. California.

Jan. 9, 1987.

---

11. There is no evidence that plaintiff was intoxi-     cated.

Weissburg and Aronson, Inc., Patric Hooper, Margaret M. Manning, Los Angeles, Cal., for plaintiffs.

John Russionello, U.S. Atty., San Francisco, Cal., Thomas K. Stuber, Office of General Counsel, Baltimore, Md., for defendant.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiffs are twenty-one hospitals who provide services under Part A of the Medicare Act. In order to determine their reimbursement under Medicare, plaintiffs are required to submit cost reports to a fiscal intermediary. In the period from December 31, 1977 to December 31, 1981, plaintiffs submitted cost reports which complied with certain guidelines issued in Medicare Intermediary Manual (HIM–15) § 2345. The Ninth Circuit declared these guidelines invalid in *International Philanthropic Hospital Foundation v. Secretary of HHS (Heckler)*, 758 F.2d 1346 (9th Cir.1985). Plaintiffs have sought to submit revised cost reports. The revised cost reports might increase plaintiffs' Medicare reimbursement. The fiscal intermediaries refused to accept the revised cost reports. Plaintiffs sought to appeal this refusal. The Secretary's Provider Reimbursement Review Board ruled that it did not have jurisdiction to hear plaintiffs' appeal. In this action, plaintiffs ask the court to order the Review Board to hear plaintiffs' appeal.

The court has jurisdiction under 42 U.S.C. § 1395*oo* (f). This is the exclusive route for judicial review of provider reimbursement determinations. *Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 138 (9th Cir.1980).

The matter is before the court on cross-motions for summary judgment. Summary judgment is proper only where there is no genuine issue of material fact or when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir.1985). Once a summary judgment motion has been made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Myrtle Nell Catrett*, 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## BACKGROUND

### 1. *Reimbursement under the Medicare Act*

In the Medicare Act, 42 U.S.C. § 1395 *et seq.*, Congress established a health insurance program for the elderly and disabled. Under Part A of the statute, the Secretary of Health and Human Services reimburses hospitals and others for covered services which they provide to Medicare beneficiaries. Throughout the relevant period, the statute fixed reimbursement at the lower of the "reasonable cost" or "customary charge" of the provider. 42 U.S.C. § 1395f(b).

The Secretary contracts with fiscal intermediaries to administer Medicare reimbursement. The fiscal intermediary is usually a private insurance company. In order to obtain reimbursement, the provider must file a cost report at the end of the fiscal year. 42 C.F.R. § 405.453(f). The fiscal intermediary then reviews the cost report. The fiscal intermediary issues a "notice of program reimbursement" ("NPR") at the end of the year. 42 C.F.R. § 405.1803. The NPR sets forth the final amounts of Medicare allowable costs for the year.

Congress created the Provider Reimbursement Review Board ("PRRB") to decide disputes concerning reimbursement under Part A. 42 U.S.C. § 1395*oo* (a). The PRRB is a body within the Department of Health and Human Services. If a provider is not satisfied with its notice of program reimbursement, the provider may appeal to the PRRB. In order to receive a hearing, the provider must have filed the required cost report, the provider must appeal within 180 days of receiving the NPR, and the amount in controversy must be at least $10,000. 42 U.S.C. § 1395*oo* (a); 42 C.F.R. § 405.1841.

After the PRRB issues a decision, the Secretary may affirm, reverse, or modify the decision within 60 days. 42 U.S.C. § 1395*oo* (f). The provider may bring an action for review in a United States District Court within sixty days of the final decision. *Id.*

### 2. *The underlying dispute*

Plaintiffs are twenty-one hospitals who provide Medicare services. The underlying dispute concerns accounting for their costs. Plaintiffs maintain labor/delivery rooms. When an expectant mother arrives at the hospital, she is taken to a labor/delivery room. She gives birth in the labor/delivery room. After birth, the mother is transferred to a room in the general routine care area.

Throughout the relevant period, Medicare reimbursed each plaintiff hospital for its "reasonable cost" of providing Medicare services. In order to determine this figure, the Secretary used the "departmental method." 42 C.F.R. § 405.452; *Charter Peachford Hospital v. Otis Bowen,* 803 F.2d 1541, 1545 (11th Cir.1986). Under this method, the hospital divides its costs between "routine services" and "ancillary services." (Reimbursement for ancillary services is not at issue here.) The hospital totals the cost for all routine services during a fiscal period. It divides this sum by the total number of patient days. This gives the average cost per diem. In order to determine the Medicare portion of a hospital's costs, the Secretary simply multiplies the number of Medicare patient days by the average cost per diem. *See Charter Peachford Hospital,* 803 F.2d at 1545.

The Secretary issued certain guidelines for cost reporting, effective September 1, 1976. *See Medicare Intermediary Manual* (HIM–15) § 2345. These guidelines instructed hospitals in how to calculate the average cost per diem. First, the guidelines provided that a hospital should *not* include labor/delivery room costs in the total cost of routine services. Yet, second, the guidelines provided that a hospital *should* include labor/delivery room days in the total number of patient days.

These guidelines were faulty. According to plaintiffs, "there are no 'routine' services rendered to a patient while she is in the labor/delivery room area...." Complaint, ¶ 16. Thus labor/delivery room costs and census should not enter the calculation of average cost per diem. By counting labor/delivery room patients as though they were receiving routine care, the second part of the guidelines wrongly increased the number of total patient days. The guidelines entered the correct figure for total cost, and divided it by a figure for total days that was too large. Thus the guidelines obtained an average cost per diem that was too small. This error can reduce Medicare reimbursement substantially. *See Saint Mary of Nazereth Hospital Center, et al. v. Schweiker,* 718 F.2d 459, 462, n. 8 (D.C.Cir.1983).

In 1983, the D.C. Circuit issued a preliminary ruling that the guidelines were invalid; it remanded the case for further evidence on behalf of the Secretary. *Saint Mary of Nazareth Hospital Center, et al. v. Schweiker,* 718 F.2d 459 (D.C.Cir.1983). In 1984, the Ninth Circuit did the same. *International Philanthropic Hospital Foundation v. Heckler,* 724 F.2d 1368 (9th Cir.1984). In 1985, the Ninth Circuit declared the guidelines finally invalid. *Mount Zion Hospital and Medical Center v. Heckler,* 758 F.2d 1346 (9th Cir.1985).

### 3. *Procedural history*

Plaintiffs followed the faulty guidelines in preparing fifty-one cost reports, from 1977 to 1981. Within three years after receiving the relevant NPR, plaintiffs sought to reopen their cost reports. Plaintiffs' Reply Memorandum, p. 6. Plaintiffs sought to claim costs contrary to the prior guidelines. The fiscal intermediaries denied plaintiffs' request to reopen. Administrative Record, p. 6. The fiscal intermediaries refused to accept the amended cost reports. Plaintiffs appealed this refusal to the PRRB. On August 21, 1985, the PRRB notified plaintiffs that it would not hear their appeal, because it lacked jurisdiction. The PRRB ruled as follows:

> ... the Providers are denied jurisdiction since the costs in dispute were not claimed in the filed cost reports.

> This statutory requirement is a prerequisite to a provider's right to a hearing. Failure to fulfill it results in the Board

having no jurisdiction to conduct a hearing.

Administrative Record, pp. 1–2.

STANDARD OF REVIEW

The PRRB determined that it lacked jurisdiction to provide a hearing on plaintiffs' request to reopen. This is a "final decision" of the Secretary, subject to judicial review. *See Saline Community Hospital v. Secretary of Health and Human Services*, 744 F.2d 517, 520 (6th Cir.1984). The court now reviews this decision. The Secretary has not made a "final decision" on the merits of plaintiff's request to reopen. Therefore the court may not review the merits. *Id.*

The court may overturn the PRRB's decision only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 42 U.S.C. § 1395*oo* (f); 5 U.S.C. § 706. "[T]he interpretation of an agency charged with the administration of a statute is entitled to substantial deference." *Blum v. Bacon*, 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982). However, "the courts remain the final authorities on issues of statutory construction." *FEC v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 32, 102 S.Ct. 38, 42, 70 L.Ed.2d 23 (1981).

DISCUSSION

1. *The court determines that the Review Board has jurisdiction to review the denial of reopening in this case*

■ Congress established the Provider Reimbursement Review Board. The statute reads as follows:

Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board.... if—

(1) such provider—

(A)(i) is dissatisfied with a final determination of the organization serving as its fiscal intermediary ... as to the amount of total program reimbursement ...,

(2) the amount in controversy is $10,000 or more, and

(3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination....

42 U.S.C. § 1395*oo* (a). Moreover:

The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination.

42 U.S.C. § 1395*oo* (d).

Plaintiffs sought to reopen their cost reports to revise certain faulty calculations. The fiscal intermediaries denied this request. Plaintiffs then asked the PRRB to review the denial. Plaintiffs do not seek to add new data to their cost reports. Rather, plaintiffs seek to make new calculations based on the original data.

Plaintiffs assert that they "self-disallowed" the disputed costs. A hospital is said to "self-disallow" a cost if the hospital lists that cost on a worksheet accompanying its cost report, "but does not request reimbursement for that item because [the hospital] believes that reimbursement is barred by the Medicare regulations." *Athens Community Hospital, Inc. v. Schweiker*, 743 F.2d 1, 5 (D.C.Cir.1984). Plaintiffs argue that they preserved their right to a PRRB appeal when they "self-disallowed" labor/delivery room costs.

The PRRB decision requires a provider to assert an express claim in its cost report in order to preserve the issue for appeal. The statute does not contain this requirement. The PRRB's requirement may create a Catch-22. Plaintiffs argue that they "self-disallowed" the disputed claims only because the Secretary's guidelines so instructed. The guidelines have now been declared invalid. Yet under the PRRB's requirement, plaintiffs will never have an

opportunity to present their case for recalculating.

The Secretary argues that plaintiffs lost their right to PRRB appeal because they did not expressly claim the disputed costs. Several district courts and several Circuit courts have considered this issue. The courts are divided. *See Baptist Hospital East v. Secretary of HHS,* 802 F.2d 860, 863 (6th Cir.1986).

The Sixth Circuit agrees with the Secretary. The Sixth Circuit holds that a hospital may not appeal to the PRRB if the hospital has "self-disallowed" a claim.

[42 U.S.C. § 1395*oo* ] requires that a provider include disputed issues within the initial cost report and preserves the right of review [only] if the intermediary ignores the claim, or instructs the provider to delete the claim.... The provider is not entitled to compel the Board to review *new* claims.

*Saline Community Hospital Association v. Secretary of Health and Human Services,* 744 F.2d 517, 519 (6th Cir.1984) (per curiam) (emphasis in the original). Likewise, the D.C. Circuit has held that "the PRRB has jurisdiction [only] over those items put into dispute by the provider at the time the cost report is filed." *Athens Community Hospital, Inc. v. Schweiker,* 743 F.2d 1, 10 (D.C.Cir.1984) ("*Athens II* ").

The Seventh Circuit, on the other hand, agrees with plaintiffs. *See St. Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 698 F.2d 1337, 1345–46 (7th Cir.1983), *cert. denied,* 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983).

The Ninth Circuit has not yet ruled on this issue. Judge Orrick, of this district, agrees with plaintiffs. *Adams House Health Care v. Heckler,* 604 F.Supp. 110 (N.D.Cal.1984), *appeal pending,* No. 85–1512 (9th Cir.).

Upon review of the various opinions, the court finds persuasive *St. Luke's Hospital v. Secretary of Health and Human Services,* 632 F. upp. 1387 (D.Mass.1986), *appeal pend ng, No. 86–1602 (1st Cir.). St. Luke's Hospital claimed reimbursement for certain costs in its cost report for 1978.

The fiscal intermediary denied this claim. Accordingly, the hospital did not assert a similar claim in its cost report for 1979. Instead, the hospital "self-disallowed" this claim. The Secretary maintained that the Review Board did not have jurisdiction to consider the "self-disallowed" claim. The district court ruled that the Review Board did have such jurisdiction.

42 U.S.C. § 1395*oo* (a) grants the Board broad authority to review matters covered by a cost report. 42 U.S.C. § 1395*oo* (d) expressly grants the Board authority to make revisions in matters that the intermediary did not consider. "The Board shall have the power .. *to make any other revisions* on matters covered by [a] cost report ... *even though* such matters were not considered by the intermediary in making [its] final determination."

To hold that the Board has jurisdiction only as to costs specifically claimed or raised before the fiscal intermediary, is to render meaningless the statutory grant of authority to consider matters "not considered by the intermediary in making such final determination." 42 U.S.C. § 1395*oo* (d). It seems clear that the statute creates a category of "matters covered by the cost report," but not "considered by the fiscal intermediary," over which the Board has jurisdiction. *St. Luke's Hospital,* 632 F.Supp. at 1393. Under the statutory scheme, a provider must submit its cost data to the fiscal intermediary. The intermediary is the first one to pass on the hospital's claims. Once the intermediary has issued a final determination, however, the Review Board has broad power to revise the intermediary's calculations. This court holds that the Review Board has jurisdiction to recalculate plaintiffs' "self-disallowed" claims.

The argument for plaintiffs in this case is concrete. According to the complaint, plaintiffs "self-disallowed" the labor/delivery room costs solely because the regulations compelled them to do so. There was nothing to be gained by asserting the claims before the fiscal intermediary. The fiscal intermediary was bound to follow the

Secretary's guidelines, even though they were faulty. The guidelines have now been declared invalid. If the Review Board bars appeal—solely because plaintiffs obeyed the guidelines when they were in force—then the Secretary may be unjustly enriched.

The argument for the Secretary in this case is vague. The Sixth Circuit explains the argument as follows:

> Under ... the Board's interpretation, a provider is required to present a coherent claim for reimbursement at the time it files its cost report. It may not present claims to its intermediary, await the intermediary's decision, and then decide based upon its success before the intermediary whether to raise additional claims before the Board. "This procedure would ... render virtually meaningless the time limits for the filing of cost reports established by Medicare regulations." *Athens II*, 743 F.2d at 7.

*Baptist Hospital East v. Secretary of Health and Human Services*, 802 F.2d 860, 865 (6th Cir.1986). The Sixth Circuit and the Secretary fear that Medicare providers will file endless appeals if the Review Board exercises jurisdiction over "self-disallowed" claims. The court cannot say whether there is any basis in fact for this fear. Plaintiffs present a clear example of the opposite danger, however. The Secretary's interpretation would prevent plaintiffs even from seeking to correct erroneous reimbursement. This was not the intent of Congress.

█ The Secretary argues that the court should defer to the Secretary's own interpretation of the statute. "The Secretary has interpreted the Medicare statute to require that providers which wish to challenge the Medicare reimbursement to which they are entitled either claim the cost on their cost reports or else note the existence of any dispute with respect to Medicare cost reimbursement policy on their cost report." Points And Authorities In Support Of Defendant's Motion For Summary Judgment, p. 22. As plaintiffs point out, however, the Secretary's rule is not contained in any regulation. Thus the rule has not been promulgated as required

by the Administrative Procedure Act. 5 U.S.C. § 552(a)(1). Plaintiffs were not aware of the rule at the time they filed their original cost reports. Plaintiffs' Brief In Support Of Motion For Summary Judgment, p. 20. Moreover, it appears that the Review Board has exercised jurisdiction over new issues on many occasions, in violation of the supposed rule. *See* Plaintiffs' Brief In Support Of Motion For Summary Judgment, Ex. 4.

When interpreting a statute, the court's responsibility is to put into effect the will of Congress. In most cases, where the Secretary reasonably interprets the will of Congress, the court must defer to the interpretation of the Secretary. In the present case, the court finds that the Secretary's interpretation is unreasonable and not in accordance with the statute.

2. *The decision to reopen is not solely within the discretion of the intermediary*

The Secretary argues that the decision to reopen is wholly within the discretion of the fiscal intermediary. The Secretary argues that neither the Review Board nor the district court may review this decision. The court rejects the Secretary's argument.

The Secretary has promulgated regulations which determine when a provider may request to reopen intermediary determinations.

> (a) A determination of an intermediary ... may be reopened with respect to findings on matters at issue in such determination ... either on motion of such intermediary ... or on the motion of the provider affected.... Any such request to reopen must be made within 3 years of the date of the notice of the intermediary....

> (b) A determination ... shall be reopened and revised by the intermediary if, within the aforementioned 3–year period, the Health Care Financing Administration notifies the intermediary that such determination ... is inconsistent with the applicable law, regulations, or general instructions issued by the Health

Care Financing Administration in accordance with the Secretary's agreement with the intermediary.

(c) Jurisdiction for reopening a determination ... rests exclusively with that administrative body that rendered the last determination or decision.

42 C.F.R. 405.1885. In addition, the Secretary has established further criteria in the Provider Reimbursement Manual.

Whether or not the intermediary will reopen a

> determination, otherwise final, will depend upon whether new and material evidence has been submitted, or a *clear and obvious error was made,* or *the determination is found to be inconsistent with the law,* regulations and rulings, or general instructions.
>
> .    .    .    .    .
>
> A provider may file or an intermediary may require an amended cost report to:
>
> 1. *correct material errors* detected subsequent to the filing of the original cost report.
> 2. comply with the health insurance policies or regulations; or
> 3. reflect the settlement of a contested liability....
>
> .    .    .    .    .
>
> Once a cost report is filed, the provider is bound by its elections. Except in 2 above, a provider may not file an amended cost report to avail itself of an option it did not originally elect. For example, a provider which has filed a cost report using a more sophisticated method of cost finding cannot file an amended report using the step-down method of cost finding for that period.

Provider Reimbursement Manual, § 2931.2; Points And Authorities In Support Of Defendant's Motion For Summary Judgment, Ex. A (emphasis added).

■ The Secretary's own Provider Reimbursement Manual states that a determination may be reopened if "a clear and obvious error was made" or if "the determination is found to be inconsistent with the law." In addition, the Secretary's regulations provide that the Secretary's Health Care Financing Administration may direct the intermediary to reopen a determination. Plaintiffs filed their request in order "to correct material errors." Provider Reimbursement Manual, § 2931.2. The Medicare reimbursement, as calculated under the prior guidelines, is "inconsistent with the law." *Id.* Therefore plaintiffs may have satisfied the criteria for reopening.

■ The final paragraph of PRM § 2931.2 states that "the provider is bound by its elections." This paragraph does not apply to plaintiffs, however. The example given in the paragraph refers to a choice between two or more options. In the present dispute, plaintiffs were compelled to follow the labor/delivery guidelines. Plaintiffs had no options.

■ The Secretary relies on subsection (c) of the regulation. This subsection states that "jurisdiction for reopening rests exclusively with that administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c). The Secretary has interpreted this language to mean that "if the fiscal intermediary decides not to reopen, the decision is not appealable to the PRRB." *Athens Community Hospital v. Schweiker,* 686 F.2d 989, 995 (D.C.Cir.1982). The court rejects this interpretation. The fiscal intermediaries are merely contractors. They are not officers of the Secretary. Under the Secretary's view, the fiscal intermediary could reject *all* requests to reopen, whether or not the requests had merit, and the Review Board could not intervene. This interpretation contradicts the broad authority Congress granted to the Review Board in 42 U.S.C. § 1395oo (d). (See above.) The court may not intepret a regulation to contradict a statute, and therefore the court rejects the Secretary's interpretation of subsection (c). Read in conjunction with the statute, subsection (c) simply requires a provider to file its request to reopen before the same administrative body that issued a final determination. The provider may then appeal to a higher body.

The court determines that the fiscal intermediaries must follow the stated criteria

in deciding whether to reopen plaintiffs' cost reports. This decision is not solely within the discretion of the intermediaries.

**THE COURT DOES NOT GRANT SUMMARY JUDGMENT AT THIS TIME**

█ The court has rejected the arguments of the Secretary, and therefore the court denies the Secretary's motion for summary judgment.

The court finds that plaintiffs have not made a complete evidentiary showing, and therefore the court does not grant summary judgment for plaintiffs at this time. Plaintiffs' Statement of Material Facts asserts the following:

> Each plaintiff hospital "self-disallowed" a portion of inpatient routine hospital costs in filing its cost reports by virtue of complying with the Secretary's policy manual instructions in HIM–15, § 2345 relating to labor and delivery room days. However, each cost report contains the costs and statistics relating to the hospital's labor and delivery room costs.

Plaintiffs' Statement Of Material Facts Not In Dispute, ¶ 3. *See also* Plaintiffs' Brief in Support of Motion For Summary Judgment, p. 33, n. 9. The cost reports are not part of the Administrative Record, however, and so the court cannot verify plaintiffs' statement. The Secretary does not agree with plaintiffs' Statement of Material Facts. Defendant's Opposition To Plaintiffs' Motion For Summary Judgment, p. 2, n. 1.

The court directs plaintiffs to file the following:

1. the reopening request for each plaintiff hospital; and

2. the relevant portion of the cost reports for each plaintiff hospital.

Plaintiffs assert that some of the necessary documents are within the custody and control of the Secretary. Plaintiffs' Reply Memorandum, p. 4. If so, defendant shall file the documents as part of the Administrative Record.

Plaintiffs shall also file a brief memorandum addressing the following questions:

1. does each cost report contain the costs and statistics relating to the hospitals labor/delivery room costs?; and

2. did each plaintiff hospital file a request to reopen within three years of the relevant NPR? Defendant may file a response to this memorandum.

Alternatively, the parties may stipulate to some or all of the above facts.

Plaintiffs shall file a brief progress report within ninety days of the date of this order. In the progress report, plaintiffs shall state when they expect to provide the required evidence. Defendant shall a file a like statement at the same time.

The parties may renotice their cross-motions for summary judgment when they have provided the evidence as directed.

In accordance with the foregoing, it is hereby ordered that:

(1) defendant's motion for summary judgment is denied;

(2) plaintiffs' motion for summary judgment is denied at this time;

(3) plaintiffs shall file further documents as directed on p. 1521 of this order. Plaintiffs shall file a progress report within ninety days of the date of this order; and

(4) defendant shall file further documents as directed on p. 1521 of this order. Defendant shall file a progress report within ninety days of the date of this order.