**KOOTENAI HOSPITAL DISTRICT, et al., Plaintiffs,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C–85–8790 SC.**

United States District Court, N.D. California.

July 8, 1987.

Margaret M. Manning, Robert A. Klein, Weissburg & Aronson, Inc., Los Angeles, Cal., for plaintiffs.

John Russionello, U.S. Atty., George C. Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiffs are twenty-one hospitals who provide services under Part A of the Medicare Act. In order to determine their reimbursement under Medicare, plaintiffs are required to submit cost reports to a fiscal intermediary. In the period from December 31, 1977 to December 31, 1981, plaintiffs submitted cost reports which complied with certain guidelines issued in Medicare Intermediary Manual (HIM–15) § 2345. The Ninth Circuit declared these guidelines invalid in *International Philanthropic Hospital Foundation v. Secretary of HHS (Heckler)*, 758 F.2d 1346 (9th Cir.1985). Plaintiffs have sought to submit revised cost reports. The revised cost reports might increase plaintiffs' Medicare reimbursement. The fiscal intermediaries refused to accept the revised cost reports. Plaintiffs sought to appeal this refusal. The Secretary's Provider Reimbursement Review Board ("PRRB") ruled that it did not have jurisdiction to hear plaintiffs' appeal. In this action, plaintiffs ask the court to order the PRRB to hear plaintiffs' appeal.

The parties filed cross motions for summary judgment. On January 9, 1987, the court rejected the arguments of the Secretary, and denied the Secretary's motion for summary judgment. 650 F.Supp. 1513 (N.D.Cal.1987). The court found that the PRRB has jurisdiction to review the denial of the reopening of the case and that the decision to reopen is not solely within the discretion of the intermediary. At the same time, the court found that the plaintiffs had not made a complete evidentiary showing, and therefore did not grant their motion. The court directed the plaintiff to file the reopening request and the relevant portion of the cost reports for each plaintiff hospital. The court also directed the plaintiff to address the following questions:

1. does each cost report contain the costs and statistics relating to the hospitals' labor/delivery room costs?; and

2. did each plaintiff hospital file a request to reopen within three years of the relevant notice of program reimbursement ("NPR")?

Plaintiff Alexian Brothers Hospital of San Jose, Inc. has made no evidentiary

showing. Therefore, its motion for summary judgment is denied. The court now examines the evidentiary showing of the remaining plaintiffs.

1. *Does each cost report contain the costs and statistics relating to the hospitals' labor/delivery room costs?*

■ The costs at issue are not those associated with the labor/delivery rooms, but rather, a portion of all routine inpatient costs incurred by the hospital. Labor/delivery room costs are ancillary costs and are treated separately from routine costs in the cost report. The challenged manual provision, Medicare Intermediary Manual (HIM–15) § 2345, affected the calculation of the average per diem allowable routine costs for inpatients. The guidelines provided that a hospital should not include labor/delivery room costs in the total cost of routine services. Yet, the guidelines provided that a hospital should include labor/delivery room days in the total number of patient days. Thus, the question is whether each cost report contains the costs and statistics relating to the routine costs.

"[A] cost is 'covered by a cost report' if it was incurred within the period which is the subject of the report and is reflected in that report, even if it is not expressly claimed." *Adams House Health Care v. Heckler*, 817 F.2d 587, 591 (9th Cir.1987).

Plaintiffs claim that the cost report, by its nature, requires the inclusion of all costs incurred by the hospital in providing patient care. Plaintiffs submit a blank cost report in support of this claim. Plaintiffs' motion for summary judgment, Exhibit 2. Plaintiffs state that all costs are listed on Worksheet A of the cost report. *Id.* at p. 6. Plaintiffs state that Worksheet D–1 contains the total inpatient cost routine cost, the total inpatient days, and the average per diem cost. *Id.* at p. 24. Each plaintiff hospital timely filed with its fiscal intermediary a cost report for the cost periods relevant here. Plaintiffs' statement of material facts not in dispute, ¶ 2.

Defendant does not object to plaintiffs' use of a blank cost report to show that their cost reports contain costs and statis-

tics relating to the routine costs. Defendant's response to plaintiffs' supplemental memorandum ("Defendant's response"), p. 6. Defendant argues, though, that the reports do not reflect the costs. *Id.* Defendant submits that plaintiffs have not provided the reports because the reports do not list the costs. *Id.*

Plaintiffs need not expressly claim their costs. *Adams House Health Care v. Heckler*, 817 F.2d 587, 591 (9th Cir.1987). Instead, the reports must reflect the costs. Plaintiffs' cost reports reflect the routine costs because, by their nature, they require the inclusion of all costs.

2. *Did each plaintiff hospital file a request to reopen within three years of the relevant NPR?*

■ Plaintiff Long Beach Community Hospital never filed requests to reopen. Supplemental exhibits to plaintiffs' progress report filed June 22, 1987. Therefore, this plaintiff's motion for summary judgment is denied.

The remaining plaintiffs, i.e. Alta Bates Hospital, Bannock Memorial Hospital, Coronado Hospital, El Camino Hospital, Fresno Community Hospital & Medical Center, Gritman Memorial Hospital, Intercommunity Hospital, Kootenai Memorial Hospital, Little Co. of Mary Hospital, Mercy Medical Center, San Jose Hospital, Santa Marta Hospital & Clinic, St. Luke's Hospital, St. Luke's Regional & Medical Center, St. Mark's Hospital, St. Mary's Hospital & Medical Center, Sutter Memorial Hospital, University Hospital, and Washoe Medical Center ("plaintiffs"), submit evidence showing that they each filed a request to reopen within three years of the relevant notice of program reimbursement or filed amended cost reports before the fiscal intermediaries issued NPRs for those cost reports. Exhibits to Plaintiffs' progress report filed April 20, 1987.

Defendant now argues that many of the plaintiffs did not appeal the intermediaries' decisions to the PRRB within 180 days after they received their NPRs. Therefore, defendant claims, plaintiffs' request for reopening must be denied.

This court reviewed the structure of reimbursement for services under Medicare in its January 9, 1987 order. Briefly, Congress established a health insurance program for the elderly and disabled in the Medicare Act, 42 U.S.C. § 1395 *et seq.* Under Part A of the statute, the Secretary of Health and Human Services reimburses hospitals and others for covered services which they provide to Medicare beneficiaries. The Secretary contracts with fiscal intermediaries to administer Medicare reimbursement. The fiscal intermediary is usually a private insurance company. In order to obtain reimbursement, the provider must file a cost report at the end of the fiscal year. 42 C.F.R. § 405.453(f). The fiscal intermediary then reviews the cost report. The fiscal intermediary issues a NPR at the end of the year. 42 C.F.R. § 405.1803. The NPR sets forth the final amounts of Medicare allowable costs for the year.

Congress created the PRRB to decide disputes concerning reimbursement under Part A. 42 U.S.C. § 1395*oo*(a). The PRRB is a body within the Department of Health and Human Services. "A provider ... may obtain a hearing with respect to such cost report" by a PRRB if it is dissatisfied with a "final determination" of the fiscal intermediary "as to the amount of total program reimbursement due the provider for the items and services furnished ...," the amount in controversy is $10,000 or more, and the provider files a request for a hearing within 180 days after notice of the intermediary's final determination. 42 U.S.C. § 1395*oo*(a).

The Secretary has promulgated regulations which determine when a provider may request to reopen intermediary determinations.

> (a) A determination of an intermediary ... may be reopened with respect to findings on matters at issue in such determination ... either on motion of such intermediary ... or on the motion of the provider affected.... Any such request to reopen must be made within 3 years of the notice of the intermediary or Board hearing decision, or where there has been no such decision, any such request

to reopen must be made within 3 years of the date of the notice of the intermediary determination....

42 C.F.R. 405.1885.

The language of 42 U.S.C. § 1395*oo*(a) and 42 C.F.R. 405.1885 implies that a hearing is not a mandatory prerequisite to further review. The statute states that a provider "*may* obtain a hearing" (emphasis added). The Ninth Circuit stated that the word "may" in this statute "connotes not contingency but entitlement." *Adams House Health Care v. Heckler,* 817 F.2d 587, 594 (9th Cir.1987). Next, the regulations outline the procedure a provider must use to request the reopening of intermediary determinations, and they provide for a procedure where there has been no intermediary or Board hearing decision. The defendant has interpreted the statute and regulations similarly. In *University Hospital and Clinics v. Blue Cross and Blue Shield Association/Blue Shield of Oregon,* PRRB Case No. 83–602, the defendant found that a hearing is not appropriate when a provider makes claims resulting from its self-disallowance. Instead,

> the law entitles a provider to a Board hearing only with respect to a cost report when the provider claims a cost in its cost report which is the subject of a dispute and disallowance by the intermediary as evidenced in the intermediary's Notice of Program Reimbursement. The statutory language requires dissatisfaction with the intermediary's final determination for a controversy to exist.

*Id.* at p. 2. In that case, the Administrator found that a Provider's claim concerning his self-disallowance "must now be made to the Intermediary through the reopening provisions of the regulations." *Id.* at 3.

Accordingly, this court finds that a 42 U.S.C. § 1395*oo* (a) hearing is not a mandatory prerequisite to a reopening for a claim concerning self-disallowance. Therefore, plaintiffs' failure to request hearings on their NPRs does not preclude them from a reopening now. Because they requested a reopening within three years of the NPR, their request is timely.

The plaintiffs have now made a complete evidentiary showing that the PRRB had jurisdiction to provide a hearing on plaintiffs' request to reopen. Therefore, the court grants plaintiffs' motion for summary judgment. The court directs the PRRB to provide a hearing on plaintiffs' request to reopen.

In accordance with the foregoing, the court orders that:

(1) the motion for summary judgment of plaintiffs Long Beach Community Hospital and Alexian Brothers Hospital of San Jose, Inc. is denied; and

(2) the motion for summary judgment of plaintiffs Alta Bates Hospital, Bannock Memorial Hospital, Coronado Hospital, El Camino Hospital, Fresno Community Hospital & Medical Center, Gritman Memorial Hospital, Intercommunity Hospital, Kootenai Memorial Hospital, Little Co. of Mary Hospital, Mercy Medical Center, San Jose Hospital, Santa Marta Hospital & Clinic, St. Luke's Hospital, St. Luke's Regional & Medical Center, St. Mark's Hospital, St. Mary's Hospital & Medical Center, Sutter Memorial Hospital, University Hospital, and Washoe Medical Center is granted. Defendant is directed to provide a hearing for these plaintiffs in accordance with this order.